**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4073**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ANTWAIN DEVON COUNCIL,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (5:07-cr-00199-FL-1)

Submitted:  January 12, 2012        Decided:  January 24, 2012

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwain Devon Council was convicted after a jury trial of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced as an armed career criminal to 235 months' imprisonment. On appeal, Council challenges his conviction and sentence, arguing that the evidence is insufficient to support his conviction and that the district court erred in denying his motion for a downward departure and in sentencing him as an armed career criminal. We conclude that the evidence is sufficient to support Council's conviction and that, although the district court's denial of his motion for a downward departure is not reviewable, resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), is warranted. Accordingly, we affirm Council's conviction, vacate his sentence, and remand for resentencing.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). When a defendant challenges the sufficiency of the evidence supporting the jury's guilty verdict, we view the evidence and all reasonable inferences in favor of the Government and will uphold the jury's verdict if it is supported by substantial evidence. United States v. Cameron, 573 F.3d

2

179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

To convict Council of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that he: (1) was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) knowingly possessed, transported, or received the firearm and ammunition; and (3) that the possession was in or affecting commerce, because the firearm and ammunition had traveled in interstate or foreign commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). The Government need not produce evidence of actual possession; constructive possession is sufficient. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). The Government may prove constructive possession by demonstrating that the defendant "exercised, or had the power to exercise, dominion and

3

control over the item."  Id. at 137 (internal quotation marks omitted).

Contrary to Council's assertion, the evidence viewed in the light most favorable to the Government establishes well more than his mere proximity to the firearm.  Indeed, if believed, it establishes direct contact between Council's legs and the firearm.  From this evidence, we conclude a rational trier of fact could have concluded that Council possessed the firearm the officers seized, thereby satisfying the possession element of § 922(g)(1).  See, e.g., United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995) (distinguishing United States v. Blue, 957 F.2d 106 (4th Cir. 1992), and holding evidence of constructive possession sufficient to support § 922(g) conviction where defendant had bodily contact with a "dark object," was observed placing his arm outside the driver's window of a vehicle and dropping the object, and where a search of the area several minutes later uncovered a firearm).

Next, Council argues that the district court erred in refusing to grant his request for a downward departure under U.S. Sentencing Guidelines Manual ("USSG") §§ 4A1.3, p.s., and 5K2.0, p.s. (2007).  As Council recognizes, however, a district court's refusal to depart from the applicable Guidelines sentence does not provide a basis for appeal under 18 U.S.C. § 3742 (2006), "unless the court failed to understand its

4

authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). After review of Council's briefs and the record on appeal, we find no evidence that the district court failed to understand its authority to depart.

Finally, Council argues that the district court erred in sentencing him as an armed career criminal because his prior North Carolina state conviction for eluding arrest with a motor vehicle is not a violent felony. The Armed Career Criminal Act's ("ACCA") provision for an enhanced sentence — a statutory range of fifteen years to life in prison — is applicable to a defendant who violates 18 U.S.C. § 922(g)(1) and has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1); USSG § 4B1.4(a) & cmt. n.1. A "violent felony" is an offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

Council asserts that his prior state conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under the North

5

Carolina Structured Sentencing Act). Council, however, did not raise this argument in the district court. Accordingly, our review is for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), cert. denied, 132 S. Ct. 292 (2011). To establish plain error, Council must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Council makes this showing, however, we exercise our discretion to correct plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted). We conclude after review of the record that Council has met his burden to establish plain error.

Council's prior state conviction is a Class H felony under North Carolina law. Although the record does not contain a copy of Council's state judgment, it appears after review of the presentence report that the district court adopted that Council's prior state record level was Level III. N.C. Gen. Stat. §§ 14-72.2(a), (b), 14-127, 14-160(a), 14-223, 15A-1340.14(a), (b)(4)-(5), (7), (c)(3), (d), 20-106, 90-90, 90-95(a)(1), (3), (b)(1), (d)(4) (2009). Under the North Carolina Structured Sentencing Act, with a prior record in Level III, Council could only have been imprisoned for a term exceeding one

6

year for his conviction for eluding arrest with a motor vehicle if he received a sentence in the aggravated range. N.C. Gen. Stat. § 15A-1340.17(c)-(d). The present record does not indicate that Council received an aggravated sentence. Therefore, because it appears that the conviction was not a proper predicate conviction for purposes of the ACCA, the district court erred by sentencing Council as an armed career criminal.[1]

We also hold that the district court's error was "plain." For purposes of plain error review, "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" Olano, 507 U.S. at 734. "An error is plain where the law at the time of trial was settled and clearly contrary to the law at the time of appeal." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (internal quotation marks omitted). When Council objected to his classification as an armed career criminal in the district court, any objection based on his sentence exposure for his prior state offense was foreclosed by this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Because Simmons has now overruled Harp, however, the district court's error was plain. Simmons, 649

---

[1] This determination, of course, implies no criticism of the experienced district judge, who dutifully applied then-authoritative Circuit precedent at Council's sentencing.

F.3d at 241 ("[W]e now conclude that Harp no longer remains good law."). The error also affected Council's substantial rights. Had Council not been classified as an armed career criminal, the statutory maximum for his § 922(g) conviction would have been ten years, barely more than half the length of the 235-month sentence actually imposed.

Because Council received a longer sentence than he could have received were it not for his classification as an armed career criminal, we find it appropriate to notice the district court's sentencing error. Accordingly, we affirm Council's conviction, vacate his sentence, and remand for resentencing under Simmons.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>
VACATED IN PART,<br>
AND REMANDED

---

[2] In light of our disposition, we need not address Council's arguments that his prior state conviction does not "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."